**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**NEIMA MOHAMMED,**

***Plaintiff*,**

**v.**

**ARMED SECURITY INC d/b/a BUTLER SECURITY,**

***Defendant*.**

**Civil No.: 1:25-cv-04160-JRR**

## MEMORANDUM OPINION

Pending now before the court is Defendant Armed Security Inc. d/b/a Butler Security's Motion to Dismiss at ECF No. 10 (the "Motion"). Plaintiff did not respond to or otherwise oppose the Motion. The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons that follow, by accompanying order, Defendant's Motion will be granted.

## I. BACKGROUND[1]

Plaintiff Neima Mohammed brings the instant action against her former employer alleging wrongful termination. (ECF No. 8 at p. 1.) Plaintiff previously worked for Defendant "in an exemplary manner" and "without any record of actions or performance issues" throughout her employment. *Id.* ¶ 1. Contrary to Defendant's policies and employee handbook, "Defendant failed to apply progressive discipline and terminated Plaintiff's employment without cause." *Id.* ¶¶ 2–3. Plaintiff contends that Defendant's termination of her employment, in contravention of its progressive disciplinary procedures, constitutes a violation of "employment law" and "wrongful termination." *Id.* ¶¶ 5–6. Plaintiff's claims seemingly concern Defendant's requirements under

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in Plaintiff's operative Complaint. (ECF No. 8.) *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

the Collective Bargaining Agreement ("CBA") between Defendant and Service Employees International Union, Local 32BJ. *Id.* ¶¶ 4–5. *See* CBA, ECF No. 1-1. The CBA contains provisions on employee discharge and discipline—requiring that an employee not be discharged or disciplined except for just cause and that the employer utilize a progressive discipline practice. (CBA, ECF No. 1-1 at Art. 4.) It also provides a grievance procedure for disputes arising under the CBA. *Id.* Art. 23.

Plaintiff initiated this action in the Circuit Court for Baltimore County, Maryland, on February 28, 2025. (ECF No. 1 ¶ 1.) Following multiple court notices of deficiencies, Plaintiff filed the operative Complaint (ECF No. 8; the "Complaint") on May 1, 2025. (ECF No. 1 ¶ 1; ECF No. 1-38.) On September 3, 2025, the Circuit Count entered a Notice of Contemplated Dismissal pursuant to Maryland Rule 2-507 because Defendant had not been served. (ECF No. 1 ¶ 2; ECF No. 1-26.) Plaintiff did not respond within the time afforded by the notice. (ECF No. 1 ¶ 4; ECF No. 1-38.) On October 10, 2025, Plaintiff served Defendant. (ECF No. 1 ¶ 3; ECF No. 1-31.) On October 15, 2025, the Circuit Court dismissed the action further to its earlier-issued notice. (ECF No. 1 ¶ 5; ECF No. 1-38.) Thereafter, Plaintiff moved to vacate the dismissal and reopen the case, which the court granted on November 20, 2025. (ECF No. 1 ¶¶ 6–8; ECF Nos. 1-32, 1-36.) Defendant removed the action to this court on December 17, 2025. (ECF No. 1.) It thereafter filed the instant Motion to dismiss Plaintiff's Complaint because her wrongful termination claim is preempted by Section 301 of the Labor Management Relations Act ("LMRA"). (ECF No. 10.) As mentioned above, Plaintiff filed no response.

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal where a plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). "A motion to dismiss under

Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint." *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017), *as amended* (Jan. 20, 2017) (quoting *Papasan v. Allain*, 478 U.S. 265, 283 (1986)). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that 'the defendant is liable for the misconduct alleged.'" *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).

A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, thereby nudging its claims across the line from conceivable to plausible." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citation modified) (quoting *Twombly,* 550 U.S. at 555, 570). The plausibility requirement is not "a probability requirement but rather a mandate that a plaintiff 'demonstrate more than a sheer possibility that a defendant has acted unlawfully." *In re Birmingham*, 846 F.3d at 92 (quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)). Reliance on "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court generally does not consider evidence outside of a complaint. The court may, however, properly consider "documents integral to and relied upon in the complaint, . . . so long as the plaintiff does not question their authenticity." *Fairfax v. CBS Corp.*, 2 F.4th 286, 292 (4th Cir. 2021). "An integral document is a document that by its 'very existence, and not the mere information it contains, gives rise to the

legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d. 602, 611 (D. Md. 2011) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)). The court is entitled to "consider documents that are explicitly incorporated into the complaint by reference, and those attached to the complaint as exhibits" as part of the "pleading for all purposes." *Goines v. Valley Comm. Svcs. Bd*., 822 F.3d 159, 165–66 (4th Cir. 2016) (first citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); and then citing FED. R. CIV. P. 10(c)); FED. R. CIV. P. 10(c) (pertaining to "written instruments" attached as exhibits to a pleading). The CBA at issue, which provides the basis upon which Plaintiff contends her discharge was wrongful, is properly considered as integral to her Complaint, and Plaintiff has not challenged its authenticity.[2] *See, e.g.*, *Int'l Painters & Allied Trades Indus. Pension Fund v. Union Grp., Ltd.*, No. CV RDB-23-3239, 2025 WL 694587, at *9 (D. Md. Mar. 4, 2025), *reconsideration denied,* 2025 WL 2967156 (D. Md. Oct. 21, 2025) (considering a CBA); *Bowman v. Jack Cooper Transp. Co. Inc.*, 399 F. Supp. 3d 447, 451 (D. Md. 2019) (considering a CBA).

## III. ANALYSIS

Defendant contends Plaintiff's wrongful discharge claim (to the extent it is viable) is completely preempted by Section 301 of the LMRA, and properly subject to dismissal pursuant to same.[3] (ECF No. 10-1 at pp. 6–9.) As noted above, Plaintiff offers no response. In failing to

---

[2] Defendant also asks this court to consider a Declaration from Louis F. Brown (ECF No. 10-1 at pp. 12–13), its National Operations Manager, and the Arbitration Opinion and Award concerning Plaintiff's grievance regarding her discharge (ECF No. 10-1 at pp. 40–50). Because the court need not consider these documents in ruling on the instant Motion, the court does not consider whether they are properly considered in ruling on the instant Motion.

[3] While the court may exercise its discretion in "appropriate case[s]," and "address a state claim on the merits before resolving the § 301 preemption inquiry," where "the plaintiff appears to state a claim under state law," the state law is "genuinely unsettled," or the matter "hinge[s] upon disputed facts," the court should first resolve the § 301 preemption inquiry. *Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 773 (4th Cir. 1998) (first quoting *Washington v. Union Carbide Corp.,* 870 F.2d 957, 958 (4th Cir. 1989); and then quoting *Childers v. Chesapeake & Potomac Tel. Co.*, 881 F.2d 1259, 1262 (4th Cir. 1989)). Defendant argues that this court should exercise such discretion here. Where the court discerns no material efficiency or great value to judicial resources in undertaking such an analysis, *see Bowman v. Jack Cooper Transp. Co. Inc.*, 399 F. Supp. 3d 447, 452 (D. Md. 2019) ("To prevent the expense of judicial resources on meritless state law claims, federal courts may pass upon the validity of state law claims in an

respond, Plaintiff concedes the point. *See Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016) (noting that "[i]n failing to respond to [defendant's] argument," the plaintiff "concedes the point"); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (explaining that a plaintiff "abandon[s]" her claim where she fails to respond to argument). In any event, the court agrees that Plaintiff's wrongful discharge claim is preempted by Section 301 of the LMRA.

Pursuant to Section 301 of the LMRA:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). This provision "provides federal courts with jurisdiction over employment disputes covered by collective bargaining agreements," and "directs federal courts to fashion a body of federal common law to resolve such disputes." *Barton v. House of Raeford Farms, Inc.*, 745 F.3d 95, 107 (4th Cir. 2014) (quoting *McCormick v. AT & T Tech., Inc.,* 934 F.2d 531, 534 (4th Cir. 1991)). Because Section 301 "preempts and entirely displaces 'any state cause of action for violation of contracts between an employer and a labor organization,'" a plaintiff "may not rely on state law 'as an independent source of private rights to enforce collective bargaining contracts.'" *Barton v. House of Raeford Farms, Inc.*, 745 F.3d 95, 107 (4th Cir. 2014) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 23 (1983); and then quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 394 (1987)). The preemptive force of § 301 "extends beyond state-law contract actions," and includes state law tort actions against an employer "if the duty to the

action removed based on Section 301 before settling the preemption issue."), and where the preemption issue is squarely presented, the court declines to proceed in such a manner here.

employee of which the tort is a violation is created by a collective-bargaining agreement and without existence independent of the agreement." *United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 369 (1990) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 214–17 (1985)).

Based on the foregoing, "[c]laims that require the interpretation of a collective bargaining agreement are completely preempted by § 301." *Verbal v. Giant of Maryland, LLC*, 204 F. Supp. 3d 837, 842 (D. Md. 2016); *see Barton v. House of Raeford Farms, Inc.*, 745 F.3d 95, 107 (4th Cir. 2014) (recognizing that "a plaintiff may not 'evade the requirements of § 301' through artful pleading") (quoting *Lueck,* 471 U.S. at 211). Specifically, "[a] state law claim is preempted when resolution of the claim 'requires the interpretation of a collective-bargaining agreement,' . . . or is 'inextricably intertwined with consideration of the terms of the labor contract.'" *Foy v. Giant Food Inc.*, 298 F.3d 284, 287 (4th Cir. 2002) (first quoting *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 405–06 (1988); and then quoting *Lueck*, 471 U.S. at 213). At the same time, however, "[t]he bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not require [preemption]." *Id.* at 287 (alteration in original) (quoting *Livadas v. Bradshaw,* 512 U.S. 107, 124 (1994)).

Because the preemption analysis turns on "whether resolution of the cause of action requires interpretation of the collective bargaining agreement," the first step in the preemption analysis "is to recognize the essential elements of the state law tort claims . . . and against the elements so identified, determine whether the state law claim can be resolved without interpreting or depending on the proper interpretation of the collective-bargaining agreement." *Verbal*, 204 F. Supp. 3d at 842 (first quoting *McCormick v. AT&T Techs., Inc.*, 934 F.2d 531, 535 (4th Cir. 1991); and then quoting *Barbe v. Great Atl. & Pac. Tea Co.*, 722 F. Supp. 1257, 1260 (D. Md. 1989)).

Relevant here, Maryland recognizes the tort of wrongful discharge as a "narrow exception," *see Szaller v. Am. Nat. Red Cross*, 293 F.3d 148, 150–51 (4th Cir. 2002) (quoting *Lee v. Denro, Inc.,* 91 Md. App. 822, 829 (1992)), to the general common law rule that "an employment contract of indefinite duration, that is, at will, can be legally terminated at the pleasure of either party at any time." *Adler v. Am. Standard Corp.*, 291 Md. 31, 35 (1981) (citing cases). Pursuant to this narrow exception, "an at-will employee's termination may not contravene a 'clear mandate of public policy.'" *Szaller*, 293 F.3d at 150–51 (quoting *Adler,* 432 A.2d at 473). Thus, "[t]o state a claim for wrongful discharge in violation of public policy under Maryland law, Plaintiff must show that she was discharged, that the basis for her discharge violated a clear mandate of public policy, and that there is a nexus between her conduct and her employer's decision to discharge her." *Verbal*, 204 F. Supp. 3d at 842–43 (citing *Wholey v. Sears Roebuck*, 370 Md. 38, 50–51 (2002)).

By her own allegations, Plaintiff's wrongful discharge claim here—which is based on the allegation that Defendant terminated Plaintiff without just cause, without applying the progressive discipline policy, both of which arise from requirements of the CBA—squarely requires interpretation of the CBA at issue and is inextricably intertwined with same.[4] (CBA, ECF No. 1-1 at Arts. 4, 23.) *See Foy*, 298 F.3d at 287, *supra*. Indeed, this court has repeatedly found that a plaintiff's wrongful discharge claims is preempted where it turns on analysis of whether the defendant complied with requirements under the operative CBA. *See, e.g.*, *Fulton v. Johns*

[4] The court notes that Plaintiff alleges she was terminated "because she exercised her rights under the [CBA]," but she provides no factual allegations pertaining to same. (ECF No. 8 ¶ 4.) The court of course may not accept as true a legal conclusion unsupported by factual allegation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The only factual allegations Plaintiff offers that pertain to her wrongful discharge and Defendant's actions concern Defendant's failure to follow its requirements under the CBA. And, once again, Plaintiff has not offered any argument to the contrary, thus conceding the point. *See Stenlund*, 172 F. Supp. 3d at 887 and *Ferdinand-Davenport*, 742 F. Supp. 2d at 777, *supra*. The court constrains its analysis accordingly.

*Hopkins Univ.*, No. 21-CV-02326-LKG, 2022 WL 2275464, at *3 (D. Md. June 23, 2022) (noting that plaintiff's allegation that defendant "wrongfully discharged him under the CBA's attendance and time management clause" was "inextricably intertwined with the CBA"); *Verbal*, 204 F. Supp. 3d at 843–44 (finding that "[t]he question in this case is whether Defendant complied with the procedures of the CBA and properly determined that Plaintiff's actions provided good cause for her termination" was "inextricably intertwined with the CBA and require[d] interpretation of the CBA"). Accordingly, where Plaintiff's own allegations, accepted as true, squarely put interpretation of the CBA at issue in this action, Plaintiff's wrongful discharge claim is preempted by § 301 of the LMRA.[5]

Where a state law claim is completely preempted, "the plaintiff simply has brought a mislabeled federal claim, which may be asserted under some federal statute." *King v. Marriott Int'l Inc.*, 337 F.3d 421, 425 (4th Cir. 2003); *see Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278, 289 (4th Cir. 2003) (discussing the federal claim conversion "effect" of complete preemption); *Verbal*, 204 F. Supp. 3d at 844 ("Because complete preemption converts the state law claim into a federal § 301 claim, however, preemption itself does not warrant dismissal and the elements of the preempted state law claim are irrelevant.").

As the Supreme Court has explained:

> It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement. *Smith v. Evening News Assn.,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). Ordinarily, however, an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement. *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); cf. *Clayton v. Automobile Workers,* 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981) (exhaustion of intra-union remedies

[5] Although not challenged here, where the court concludes that Plaintiff's wrongful discharge claim is preempted by § 301 of the LMRA, "the action may be removed to federal court even though the plaintiff's complaint does not include a federal cause of action." *Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 772 (4th Cir. 1998).

> not always required). Subject to very limited judicial review, he will be bound by the result according to the finality provisions of the agreement. See *W.R. Grace & Co. v. Local 759*, —— U.S. ——, at ——, 103 S.Ct. ——, at ——, 75 L.Ed.2d ——; *Steelworkers v. Enterprise Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

*DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163–64 (1983). "[T]o avoid the 'unacceptable injustice' that would occur if an employee were required to exhaust his contractual remedies even though" the union acted in breach of its duty of fair representation, there also exists "a so-called hybrid § 301 action" through which "an employee may forego exhaustion by showing '*both* 1) that the union breached its duty of fair representation and 2) that his employer violated the collective bargaining agreement.'" *Groves v. Commc'n Workers of Am.*, 815 F.3d 177, 178–79, 181 (4th Cir. 2016) (first quoting *DelCostello,* 462 U.S. at 164; and then quoting *Thompson v. Aluminum Co. of Am.,* 276 F.3d 651, 656 (4th Cir. 2002)). "[A] hybrid § 301 claim requires an allegation that the union's breach of its duty of fair representation played some role in the employee's failure to exhaust his contractual remedies." *Id.* at 182. Thus, "[w]hen deciding such an action, courts first consider whether a plaintiff has plausibly alleged that the union breached its duty of fair representation." *King v. Imperial Bag Company*, No. CV DKC 25-3898, 2026 WL 2017259, at *3 (D. Md. July 13, 2026) (citing *Verbal*, 204 F. Supp. 3d at 845).

At issue here, the CBA dictates a grievance procedure to be followed that includes submission to arbitration if grievances are not resolved. (CBA, ECF No. 1-1 at Art. 23.) Where Plaintiff offers no allegations pertaining to her efforts to exhaust her grievance, nor any basis for judicial review assuming she pursued such process,[6] the court considers whether she has properly

[6] While the court notes that Defendant represents that the parties did proceed to arbitration, the court is not free to infer from same that Plaintiff seeks review or *sua sponte* raise and analyze arguments on her behalf, especially where Plaintiff has opted not to do so at all. While Defendant's representation, particularly as to the award imposed, appears to raise a question of mootness as to Plaintiff's requested relief, the court will constrain its analysis accordingly where such information is not fully before it.

invoked a hybrid § 301, which permits action where an employee has not exhausted her remedies under the CBA. On this front, Plaintiff's claim is similarly deficient. Plaintiff's Complaint contains no allegation "that the union's breach of its duty of fair representation played some role in the employee's failure to exhaust his contractual remedies," which is required to support a hybrid § 301 claim. *See Groves*, 815 F.3d at 181, *supra*. Additionally, as noted above, in failing to respond to any argument Defendant presents, Plaintiff concedes the point. *See Stenlund*, 172 F. Supp. 3d at 887 and *Ferdinand-Davenport*, 742 F. Supp. 2d at 777, *supra*.

## IV. CONCLUSION

For the reasons set forth herein, by separate order, the court will grant the Motion and dismiss Plaintiff's Complaint.[7]

August 7, 2026

/S/
______________________________
Julie R. Rubin
United States District Judge

[7] Notwithstanding Defendant's request, the court declines to dismiss this action with prejudice. *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the nature of dismissal" is left to "the sound discretion of the district court").